UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>    v.<br><br>DANIEL LEE BINFORD,<br><br>           Defendant. | NO. CR-03-0044-EFS<br>[NO. CV-05-0193-EFS]<br><br>**ORDER DISMISSING WITH PREJUDICE DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255** |

BEFORE THE COURT is Defendant Daniel Binford's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, (Ct. Rec. 29). Under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, Mr. Binford's motion is hereby considered to determine whether the Court should summarily dismiss the motion or order the Plaintiff to answer. *See* Rule 4(a), 28 foll. § 2255.

Section 2255 of Title 28 allows a prisoner in custody to attack a sentence on the grounds such sentence was imposed in violation of the federal constitution or law, the court did not have jurisdiction to impose such a sentence, the sentence was in excess of the maximum authorized by law, and/or otherwise subject to collateral attack. 28

ORDER ~ 1

U.S.C. § 2255. Yet, in order to bring such a suit, the petitioner must file suit within a year of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*. In regards to subsection (1), the U.S. Supreme Court ruled, for purposes of habeas review, a conviction is final when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Griffith v. Kent.*, 479 U.S. 314, 321 n.6 (1987). The U.S. Supreme Court has clarified, "for the purpose of starting the clock on § 2255's one-year limitation period, . . . a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). Supreme Court Rule 13 provides "a petition for a writ of certiorari to review a judgment in any case . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."

Mr. Binford appealed the district court's sentence and on May 14, 2004, the Ninth Circuit entered a judgment dismissing Mr. Binford's appeal. Mr. Binford did not appeal the Ninth Circuit's decision. Accordingly, Mr. Binford's statute of limitations to file a § 2255 habeas

ORDER ~ 2

petition began to run on August 12, 2004--90 days following the entry of the Ninth Circuit's judgment. Therefore, Mr. Binford's June 24, 2005, habeas petition is timely, and the Court need not consider the letter sent to the Court by Mr. Binford, (Ct. Rec. 28), discussing the delays involved in the filing of the habeas petition.

However, the Court determines Mr. Binford is not entitled to the habeas relief he seeks. Mr. Binford seeks habeas relief on the grounds the Court denied his motion for downward departure at sentencing because at that time the Court could not consider such matters under the mandatory United States Sentencing Guidelines ("Guidelines").[1] At the time of the Defendant's October 21, 2003, sentence, the Court was constrained not only by mandatory Guidelines but also by 18 U.S.C. § 3553(b)(2), which required the Court to impose a sentence within the Guideline range and limited the circumstances under which the Court could downward depart in cases involving sexual exploitation of children. 18 U.S.C. §§ 3553(b)(2)(A)(i)-(iii). Mr. Binford contends, presumably in light of *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 125 S. Ct. 738 (2005), because the Guidelines are no longer mandatory, the Court, after considering the facts and circumstances, would have granted Mr. Binford's downward departure motion.

---

[1] At sentencing, the Court denied the Defendant's Motion for Downward Departure Based on Diminished Capacity, Extraordinary Physical Condition and Age, Aberrant Behavior, Post-Offense Rehabilitation, Possibility of Harm in Prison, and a Convergence of Factors, (Ct. Rec. 12).

ORDER ~ 3

The Supreme Court in *Booker* determined 18 U.S.C. § 3553(b)(1), along with 18 U.S.C. § 3742(e), must be severed and excised. 125 S. Ct. at 756. Here, because Mr. Binford pled guilty to Possession of Child Pornography, 18 U.S.C. § 3553(b)(2), not § 3553(b)(1), was the governing sentencing statute. The Supreme Court, however, made no mention of whether § 3553(b)(2) must be excised in order to remedy the Guidelines' underlying Sixth Amendment violations. Applying *Booker*'s reasoning, this Court concludes § 3553(b)(2) must be excised as well because § 3553(b)(2) requires the Court to impose a Guideline sentence. *See United States v. Selioutsky*, 409 F.3d 114, 117 (2d Cir. 2005); *United States v. Yazzie*, 407 F.3d 1139, 1145 (10th Cir. 2005)

Accordingly, if the Court were to resentence Mr. Binford, it would consider all of the factors listed under 18 U.S.C. § 3553(a) and then determine whether a Guideline sentence or a non-Guideline sentence is reasonable under those factors. However, the Ninth Circuit, and other circuit courts, have determined the holdings of *Blakely* and *Booker* do not apply to cases on collateral review. This Court has previously relied upon the Ninth Circuit's statement in *Cook v. United States*, 386 F.3d 949, 950 (9th Cir. 2004), that "the Supreme Court has not made *Blakely* retroactive to cases on collateral review," to rule that *Booker's* extension of *Blakely* to the federal sentencing guidelines is not a retroactive "watershed rule of law." *See, e.g. Cirilo-Munoz v. United States*, 404 F.3d 527 (1st Cir. 2005); *Guzman v. United States*, 404 F.3d 139 (2d Cir. 2005); *Lloyd v. United States*, 407 F.3d 608 (3rd Cir. 2005); *In re Elwood*, 408 F.3d 211 (5th Cir. 2005); *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005); *McReynolds v. United States*, 397 F.3d

479, 481 (7th Cir. 2005); *United States v. Price*, 400 F.3d 844 (10th Cir. 2005); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005). Accordingly, because the holding of *Booker* does not apply retroactively to cases on collateral review, **IT IS HEREBY ORDERED**: Mr. Binford's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, **(Ct. Rec. 29)**, is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, CLOSE the accompanying civil file, and provide a copy of this Order to the Defendant:

>  Daniel Binford
>  Reg.# 10730-085
>  FCI Butner
>  Butner, NC 27509.

**DATED** this ___6th___ day of July, 2005.

>  S/ Edward F. Shea
>  EDWARD F. SHEA
>  United States District Judge

Q:\Criminal\2003\0044.habeas.booker.wpd

ORDER ~ 5