PROB 12B
(7/93)

Report Date: November 21, 2007

# United States District Court

**for the**

**Eastern District of Washington**

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

NOV 26 2007

JAMES R. LARSEN, CLERK
_____DEPUTY
RICHLAND, WASHINGTON

## Request for Modifying the Conditions or Term of Supervision with Consent of the Offender

*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: Daniel Binford

Case Number: 2:03CR00044-001

Name of Sentencing Judicial Officer: The Honorable Edward F. Shea

Date of Original Sentence: 10/21/2003

Type of Supervision: Supervised Release

Original Offense: Possession of Child Pornography, 18 U.S.C. §§ 2252A(5)(B) and 2256(8)(A)

Date Supervision Commenced: 07/07/2006

Original Sentence: Prison - 27 months; TSR - 36 months

Date Supervision Expires: 07/06/2009

---

## PETITIONING THE COURT

To modify the conditions of supervision as follows:

23    **HOME CONFINEMENT:** You shall participate in the home confinement program for 60 days. You shall abide by all the requirements of the program, which **will not** include electronic monitoring or other location verification system. You are restricted to your residence every day from 5:00 p.m. to 7:00 a.m., or as directed by the supervising probation officer.

## CAUSE

Daniel Binford violated conditions of his supervised release in Spokane, Washington, on or about October 30, 2007, by viewing pornography. On November 6, 2007, the offender admitted viewing pornography while at his boyfriend's apartment in Spokane, Washington. On the above-mentioned date, Mr. Binford reported his boyfriend, Kenneth Montgomery, accessed pornography that had been previously stored on video while both were at Mr. Montgomery's residence. Mr. Binford indicates that Mr. Montgomery was unaware of the prohibition specific to pornography in his case. According to the offender, Mr. Montgomery has since been advised of all supervision requirements and remains supportive. Mr. Binford was directed to cease visiting Mr. Montgomery at his apartment until further notice. However, Mr. Binford is allowed to have contact with Mr. Montgomery at his residence.

Although Mr. Binford admits viewing pornography on the above-referenced date, he appeared remorseful, given his lack of judgment surrounding this incident. It is his intent to follow all Court-ordered treatment and/or intervention programs. He is expected to continue participating in sexual deviancy treatment. The undersigned instructed Mr. Binford to schedule an individual meeting with Brian Stanfill, Sexual Offender Treatment Specialist. Contact with Mr. Stanfill confirms the offender remains amenable to treatment.

As an intermediate sanction, Daniel Binford was ask whether he would waive his rights to a hearing and agree to the modification as outlined. As indicated by the enclosed Waiver of Hearing to Modify Conditions of Supervised Release form, Mr. Binford has agreed to the proposed modification. It is respectfully recommended that the Court adopt the attached Waiver of Hearing to Modify Conditions of Supervised Release as listed above. It is hoped the

Prob 12B
**Re: Binford, Daniel**
**November 21, 2007**
**Page 2**

intermediate sanction imposed meets with the expectations of the Court. Please advise this officer should Your Honor require a different course of action or a Court appearance by the offender.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: *Tommy Rosser*
11-21-07

Tommy Rosser
U.S. Probation Officer

## THE COURT ORDERS

[ ] No Action
[ ] The Extension of Supervision as Noted Above
[X] The Modification of Conditions as Noted Above
[ ] Other

*[signature]*

Signature of Judicial Officer

11/26/07

Date

PROB 49
(3/89)

# United States District Court

### Eastern District of Washington

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

23   **HOME CONFINEMENT:** You shall participate in the home confinement program for 60 days. You shall abide by all the requirements of the program, which **will not** include electronic monitoring or other location verification system. You are restricted to your residence every day from 5:00 p.m. to 7:00 a.m., or as directed by the supervising probation officer.

Witness: _Tommy Rosser_   Signed: _Daniel Binford_
U.S. Probation Officer          Probationer or Supervised Releasee

November 21, 2007
Date